WILLIAM B. BREWSTER, Respondent, *v.* THE TAX LEAGUE OF AMERICA, INC., Appellant.

First Department, November 17, 1922.

Master and servant — action on contract to recover for services — plaintiff hired to organize movement to reform tax system of United States — plaintiff's salary was not dependent on success of enterprise — verdict in favor of plaintiff not against weight of evidence — executive vice-president of defendant had authority to hire plaintiff.

In an action to recover for services alleged to have been performed by the plaintiff for the defendant in organizing a league for reforming the present system of taxation in the United States, testimony in behalf of the plaintiff was to the effect that the plaintiff, who was an experienced organizer of movements of this kind, was hired by the executive vice-president of the defendant at an agreed salary of $500 per week besides his necessary traveling expenses; that he entered upon his work on or about April 1, 1921, and continued thereat until June 13, 1921, when the defendant's office was closed; that he held himself in readiness to continue his work until August 30, 1921, when he was told that the defendant would be dissolved; that about a month after he entered the employ of the defendant he received $950 on account of services, and that the directors of the defendant knew of his work and acquiesced therein. The defense was based on a letter which the plaintiff admitted signing although he disclaimed authorship of it, and insisted that he signed it at the request of one of the officers to be used in straightening out certain financial difficulties of the defendant; that said letter stated that plaintiff's employment and remuneration were dependent entirely upon the success of his organization and propaganda work, and that after having failed there was no sum due the plaintiff.

*Held*, that the verdict of the jury in favor of the plaintiff for the amount of his salary from the time of employment to the time when the office was closed was not against the weight of the evidence.

The evidence clearly establishes that the executive vice-president of the defendant who engaged the plaintiff had authority to do so on behalf of the defendant, and furthermore, the entries on the minute book of the executive committee of defendant's directors show acquiescence by the defendant in the rendition of services by the plaintiff under his contract which would negative any suggestion that the plaintiff was not regularly employed by the defendant.

DOWLING and PAGE, JJ., dissent, with memorandum.

APPEAL by the defendant, The Tax League of America, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on or about the 2d day of February, 1922, upon the verdict of a jury, and

31

also from an order entered in said clerk's office on or about the 1st day of February, 1922, denying defendant's motion for a new trial made upon the minutes.

*Wood, Molloy & France* [*Herman Aaron* of counsel; *Charles Adkins Baker* with him on the brief], for the appellant.

*Newton W. Gilbert* [*William P. McCool* of counsel], for the respondent.

Merrell, J.:

The action was brought by the plaintiff, William B. Brewster, against the defendant to recover for services alleged to have been performed by the plaintiff for the defendant in organizing a league for reforming the present system of taxation in the United States, and known as the Sales Tax League.

The testimony in behalf of the plaintiff was to the effect that the plaintiff had had considerable experience in organizing various leagues in connection with the World War and in circulating propaganda on various subjects throughout the United States. The incorporators of the defendant evolved a system of taxation upon the sales of property which they conceived would lighten the burden of unjust taxation which theretofore had been borne by various industries in the United States, and through the league which they planned to form and the spreading of propaganda they hoped to influence Members of Congress and to educate the people and to obtain legislation in furtherance of what they believed would be a system of taxation far more equitable than that at present in effect. The plaintiff claimed to be an experienced organizer of movements of this sort, and that he had carried on various campaigns, particularly during the World War. Plaintiff testifies that he was introduced to the officers of the defendant, and that they sought his services and entered into a contract and agreement with him to take up the work and to go about the United States visiting its principal cities, and to use his best endeavors to further the propaganda favoring such sales tax system. The plaintiff testifies that he finally agreed to take up such employment for the defendant, and that the defendant through its officers agreed to pay him $500 weekly for his services, besides his necessary traveling expenses; that he entered upon his work on or about April 1, 1921, and continued thereat until June 13, 1921, occupying an office furnished him by the league with necessary stenographer and assistants; that on June 13, 1921, the doors of the office were closed to him, and while thereafter the executive president of the defendant assured him that the activities of the league would be shortly resumed, and that a suspension had only been necessary owing to internal troubles

which did not concern him, the executive president told him that he should continue in his service; that he did continue at all times holding himself in readiness for work until August 30, 1921, at which time he was told that the league would be dissolved and its affairs closed up.

The present action was brought to recover a balance of $10,500 which the plaintiff claims remainded unpaid for his services to August 30, 1921, from April 1, 1921, when he undertook such work. The evidence discloses that about a month or so after he entered the employ of defendant he received three payments on account of services, one of $500; one of $200; and one of $250; and that there was also paid him the sum of $100 for expenses. Considerable testimony was given in support of plaintiff's contention as to his employment and also some testimony that services of the sort he rendered were reasonably worth the amount agreed upon.

On the part of the defense it was claimed that the only contract of employment was embraced in a letter written by the plaintiff to the executive committee of the defendant on April 26, 1921. The plaintiff admitted signing the letter in question, although he disclaimed authorship of it, and insisted that he signed it at the request of one of the vice-presidents of the league to be used only in an effort to straighten out certain financial difficulties which had arisen between directors of the defendant, and that it was understood that the statements in the letter were to have no bearing upon plaintiff's contract with the defendant or the amount that he was to receive.   The letter in question, signed by the plaintiff, is as follows:

*"April* 26, 1921.

*"To the Executive Committee of the Tax League of America:*

" Gentlemen.— The terms of my employment by you are clearly understood to be tentative, the results of the campaign on the Gross Sales Tax being my reliance for remuneration at your hands. Failure of the successful campaign to secure funds for the progress of this work will act automatically and relieve you of obligations. My interest in this particular work induces me to make this statement.

" Yours very truly,
" W. B. BREWSTER."

The sole contention of the defendant is that plaintiff's employment and remuneration was dependent entirely upon the success of his organization and propaganda work, and that after having failed there was no sum due the plaintiff from the defendant.

On the other hand, evidence was presented in behalf of the plaintiff's claim that he was employed by the officers of the defend-

ant, and that the directors of the defendant knew of his work and acquiesced therein and approved of the same for several months following the commencement of his term.

The court submitted the question to the jury as a question of fact, and the jury found for the plaintiff in the sum of $4,050. Evidently the jury allowed the plaintiff for ten weeks' services at $500 a week from the first of April to the thirteenth of June, deducting therefrom the $950 which the plaintiff received from the defendant. The fact that the defendant had paid plaintiff for substantially two weeks' work tends to corroborate plaintiff's version of the contract and is rather contradictory of the claim of the defendant that his remuneration depended entirely upon the success of the enterprise. I think the testimony was sufficient to uphold the verdict, and that the verdict was not against the weight of the evidence.

Two of my associates have dissented from the view of the majority of the court expressed in this opinion upon the ground that Opdycke had no authority to bind the association, and that the alleged contract was repudiated by the directors of the association, and on the further ground that the finding that the contract with plaintiff was made is against the weight of the evidence.

No such point is raised by the appellant, either in its brief or upon the argument of the appeal, the appellant apparently seeking a reversal of the judgment rendered upon the sole ground that plaintiff's letter of April 26, 1921, constituted the contract between the parties, and that the court erred in refusing to hold that the plaintiff could not recover in the absence of affirmative proof of the successful outcome of the campaign to secure funds. No point whatever was made by the appellant, either in the brief or upon the argument of the appeal, that Opdycke, the executive vice-president of the organization, had no authority to bind the defendant in negotiating the contract upon which the plaintiff seeks to recover. We do not think this court should be diligent to discover grounds for reversal of the judgment rendered not urged by the appellant upon the appeal. However, meeting the suggestion that defendant's executive vice-president was unauthorized to bind the corporation, it appears conclusively from the record that the action of the executive vice-president was acquiesced in by the executive committee of the board of directors at a meeting of said executive committee held on March 23, 1921, at the Annex Hotel, in the borough of Manhattan, New York city. After overcoming many harassing obstacles thrown in the way of obtaining the minute book containing a record of the proceedings of such meeting, the plaintiff finally obtained possession thereof, and introduced the

same in evidence upon the trial. Said minute book contained the following entry: " The matter of extending the organization to other States was then discussed, and it was decided by motion duly made, seconded and carried, that offices should be established in Washington and such other places as the Finance Committee might determine; also the idea of engaging a capable man to organize public meetings to be held in different States, was approved, as it was the consensus of opinion of those present that the work of the Tax League was divided into three principal divisions, that of financing the organization, that of presenting the things to Congress, and that of back-firing by our anti-propaganda, by covering the Congressional districts of those members who were doubtful as to their position on the Sales Tax."

Counsel for the plaintiff also introduced in evidence an entry in said minute book with reference to a special meeting of the executive committee of the defendant, held April 5, 1921, at the office of the defendant, 1270 Broadway, as follows: " There were present the following: Messrs. Wilfley, chairman; Davis, Weinstock, of the committee, and Messrs. Opdycke, executive vice-president, E. B. Sampson; Major Opdycke, executive vice-president, presented the following statement as executive vice-president, and in accordance with the direction of the executive committee at a meeting held on March 23d, 1921: ' I have succeeded in obtaining, in addition to room 1219, in the Wilson Building, rooms 812 and 813; furniture for these rooms has been arranged for, and Mr. Sampson is at present occupying said rooms in prosecution of his work in connection with the League. Up to date there has been collected $13,201, all of which amount, excepting $1,311 which represents checks on hand, is now deposited with J. S. Bache & Company. The services of W. B. Brewster have been secured pursuant to instructions of the executive committee at their last session, at a salary of $500 per week until further notice. Mr. Brewster is now actively engaged in Philadelphia and other cities in organization work.' "

In further evidence of the ratification of said contract between the plaintiff and the defendant, there was introduced in evidence an extract from the minute book of a meeting of the executive committee of the defendant, held on May 7, 1921, as follows: " *Resolved* that the executive committee hereby authorizes Honorable L. R. Wilfley and Henry G. Opdycke to appear at the meetings as the authorized representative of the Tax League of America, and further resolved that payment in the sum of $500 be paid in advance to each of the above persons, for services and expenses in connection with that matter.

" Upon motion duly made and seconded, it was by unanimous vote of the executive committee, resolved that a check for the sum of $500 be written in favor of William B. Brewster, on account of expenses in his work in behalf of the Tax League of America."

Minutes of meetings of the executive committee held on May 12 and May 20, 1921, were offered and received in evidence. As to the latter meeting, the minute book contained this report: " On motion duly made by Mr. David, seconded by Mr. Vanderveer, it was resolved that checks for the payment of the weekly payroll for the current week, be signed, these to include checks to E. B. Sampson and W. B. Brewster on account of services. Number 233, W. B. Brewster, $200."

It would seem from the above quotations that such entries on the minute book of the executive committee of defendant's directors showing acquiescence by the defendant in the rendition of services by the plaintiff under his contract would negative any suggestion that the plaintiff was not regularly employed by the defendant, and that the defendant was obligated to pay him for services rendered. We think the court properly submitted the question of plaintiff's employment by the defendant to the jury as a question of fact, and that the verdict in plaintiff's favor is amply sustained by the evidence.

The judgment and order appealed from should be affirmed, with costs.

CLARKE, P. J., and FINCH, J., concur; DOWLING and PAGE, JJ., dissent upon the ground that Opdycke had no authority to bind the association, and that the alleged contract was repudiated by the directors of the association; and on the further ground that the finding that the contract with plaintiff was made is against the weight of the evidence.

Judgment and order affirmed, with costs.