John Mascioni et al., Copartners under the Firm Name of Mascioni & Bariatti, Respondents, *v.* I. B. Miller, Inc., Appellant.

(Argued December 13, 1932; decided January 10, 1933.)

*Louis Rosenberg* for appellant.   The Appellate Division was limited in its review to the theory of the case adopted at the trial by the plaintiffs and could not disregard any of the proof before the trial court.   (*Matter of Findlay,* 253 N. Y. 1; *Brady* v. *Nally,* 151 N. Y. 258; *Flora* v. *Carbeau,* 38 N. Y. 111.)   Assuming the agreement between plaintiffs and defendant to have been the agreement between the parties and so controlling despite the parol testimony of the parties as to the actual agreement, its language is not so free from doubt as to bar consideration of testimony in elucidation of it.   (*Trustees of Easthampton* v. *Vail,* 151 N. Y. 463; *LaBrecque Co.* v. *Barton,* 204 App. Div. 401; *Kenyon* v. *K. T. & M. M. A. Assn.,* 122 N. Y. 247; *Lamb* v. *Norcross Bros. Co.,* 208 N. Y. 427; *Utica Nat. Bank* v. *Gunn,* 222 N. Y. 204; *Camp* v. *Traynor,* 143 N. Y. 649; *American Seating Machine Co.* v. *Stearns,* 109 N. Y. 192; *White* v. *Hoyt,* 73 N. Y. 505; *U. S. Rubber Co.* v. *Silvern,* 221 N. Y. 168; *Dann* v. *Dodge,* 126 App. Div. 469.)

*William K. Hyman, Bernard Segall* and *Warren J. Heeg* for respondents.   The provision of the contract with respect to payment merely fixed the time of payment and did not create a condition precedent.   Payment was due to the plaintiff within a reasonable period of time after the owner should have made it.   (*Childs* v. *Smith,* 46 N. Y. 34; *De Long* v. *Zito,* 135 App. Div. 79; *Coneham* v. *Crosby,* 15 Minn. 13; *Nunez* v. *Dautel,* 19 Wall. [U. S.] 560; *Culver* v. *Caldwell,* 137 Ala. 125; *Buckner* v. *McIlroy,* 31 Ark. 631; *McIntyre* v. *Ajax Mining Co.,* 28 Utah, 162; *Ubsdell & Pierson* v. *Cunningham,* 22 Mo. 124; *White* v. *Mining & Milling Co.,* 28 Utah, 331.)

LEHMAN, J.    The plaintiffs and the defendant entered into a written contract whereby the plaintiffs, described in the contract as the " Sub-Contractor," agreed to provide all the materials and all the work for the erection of concrete walls, and the defendant, described in the contract as the " Contractor," agreed to pay therefor the sum of fifty-five cents per cubic foot.    The concrete walls were to be erected as " specified in a certain contract between the Contractor and Village Apartments, Inc., described therein as Owner " and the defendant's promise to pay contained the proviso: " Payments to be made as received from the Owner."    In spite of the fact that the Owner has made no payments to the defendant for the work and materials, or any part thereof, performed and furnished by the plaintiffs, the plaintiffs have recovered a judgment against the defendant for the agreed price.

The problem presented on this appeal is whether the defendant assumed an absolute obligation to pay, though for convenience payment might be postponed till moneys were received from the Owner, or whether the defendant's obligation to pay arose only if and when the Owner made payment to the defendant.    At the trial the plaintiffs, claiming that the contract was ambiguous, were permitted to introduce testimony to show that before the written contract was signed, much of the work had been performed under an oral contract by which the defendant assumed an absolute obligation to pay; and the defendant, though claiming that the written contract, in unambiguous terms, annexed a contingency to the defendant's obligation to pay, produced parol testimony to show that the plaintiffs expressly assumed the risk that they might never be paid.    A judgment in favor of the defendant was reversed by the Appellate Division on the ground that the contract is unambiguous and that the provision with respect to payment " merely fixed the time of payment and did not create a condition precedent." (236 App. Div. 688.)

A provision for the payment of an obligation upon the happening of an event does not become absolute until the happening of the event. Whether the defendant's express promise to pay is construed as a promise to pay " if " payment is made by the owner or " when " such payment is made, " the result must be the same; since, if the event does not befall, or a time coincident with the happening of the event does not arrive, in neither case may performance be exacted." (*Amies* v. *Wesnofske*, 255 N. Y. 156, 162.)

True, a debt with consequent obligation to pay may exist aside from any express promise to pay. Then a condition annexed to an express promise to pay the debt may render the promise to pay conditional without making the debt subject to the same condition. " It must be admitted, however, that a condition annexed to a promise to pay a debt will commonly, upon the true construction of the instrument in which it is contained, extend to the debt itself. There is a difference also between a promise to pay a debt on a certain condition, and a proviso that the debt shall be payable only upon a certain condition; for the latter necessarily renders the debt itself conditional." (Langdell, Summary of the Law of Contracts, § 36.) In this case, if there were no express promise to pay a stipulated price for stipulated work, such a promise would be implied. There is, however, an express promise to pay moneys " as received from the Owner," and the event upon which that promise would ripen into an absolute, immediate obligation has not occurred. From the express promise to pay upon the happening of an event, an inference may be drawn that the parties did not intend or impliedly agree that payment should be made even if the event does not occur.

In many cases, nevertheless, an inference, that an express promise to pay a debt on a certain condition excludes an implication that the debt shall be paid, even though performance of the condition is impossible,

would defeat the intention of the parties. The tests approved by the Law Institute in its Restatement of the Law of Contracts, section 295, are whether " (a) a debt for performance rendered has already arisen and the condition relates only to the time when the debt is to be discharged, or (b) existence of the condition is no material part of the exchange for the promiser's performance and the discharge of the promiser will operate as a forfeiture." In either case " impossibility that would discharge the duty to perform a promise excuses the performance of a condition."

Here on its face the contract provides for a promise to perform in exchange for a promise to pay as payments are " received from the Owner." Performance by the plaintiff would enure directly to the benefit of the Owner and indirectly to the benefit of the defendant, because the defendant had a contract with the Owner to perform the work for a stipulated price. The defendant would not profit by the plaintiffs' performance unless the Owner paid the stipulated price. That was the defendant's risk, but the defendant's promise to pay the plaintiffs for stipulated work on condition that payment was received by the defendant shifted that risk to the plaintiffs, if the condition was a material part of the exchange of plaintiffs' promise to perform for defendant's promise to pay.

In many cases similar conditions in contracts for compensation of brokers have been enforced in accordance with the letter of the promise to pay. In principle, brokerage contracts cannot be distinguished from other contracts to pay compensation for services rendered or materials furnished. " In each case the intention of the parties to make the debt contingent or otherwise, must be gathered from the language used, the situation of the parties, and the subject matter of the contract, as presented by the evidence." (*DeWolfe* v. *French*, 51 Me. 420; *Lighton* v. *City of Syracuse*, 188 N. Y. 499, 504; 2 Williston on Contracts, § 799.)

Here we are not called upon to decide whether the language of the contract, read in the light of the situation of the parties and the subject-matter of the contract, shows clearly and unambiguously that the condition attached to the debt or obligation to pay, and did not merely fix the time of payment. Certainly on its face it is open to the construction that the plaintiffs accepted the condition as a material part of the exchange for their own promise or performance. The trial judge, after receiving parol evidence of the actual intention of the parties, gave it this construction, and that construction was not erroneous as matter of law.

The judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.