J. J. FISHER COMPANY, INC., Appellant, v. CENTRAL CITY ROOFING COMPANY, INC., Respondent.— In an action to recover on a contract to furnish labor and building materials, judgment dismissing the complaint at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellants to abide the event. Neither the order striking out the affirmative defense nor the order denying defendant's motion to dismiss the complaint for insufficiency prevented the proper construction of the contract at the trial. In our opinion, however, the contract is ambiguous. It contains language by which the defendant assumed an absolute obligation to pay, followed by words restricting payment. The trial justice should have taken parol evidence to determine the intentions of the parties. (*Mascioni* v. *Miller, Inc.*, 261 N. Y. 1; *Amies* v. *Wesnofske*, 255 id. 156.) Carswell, Adel and Taylor, JJ., concur; Davis, J., dissents in part, with the following memorandum: I am in agreement with the majority for reversal; but I go farther and favor direction of judgment for plaintiff. As I view the contract, the obligation to pay the plaintiff (practically a subcontractor for certain roofing) was absolute. The language that followed did not expressly or impliedly limit the ultimate obligation to pay. During the progress of the work it provided for the manner of payment in respect to sums received by the defendant from the general contractor, with retained percentages; but no condition was attached that the defendant would be relieved of payment eventually if the latter failed to receive its pay through its own default or otherwise. As a matter of conceded fact, payments to the general contractor stopped because of its own default in performance; and plaintiff was not at fault. (*Traylor* v. *Crucible Steel Co.*, 192 App. Div. 445; affd., 232 N. Y. 583.) In these respects the situation seems to differ somewhat from those existing in the *Mascioni* and *Amies* cases, cited in the majority decision. In the *Mascioni* case the language in respect to payments differed slightly from that used here. Further, the defense of conditional payment was struck out by the order at Special Term, from which no appeal was taken; and an order denying the defendant's motion for judgment on the pleadings was affirmed (250 App. Div. 869). As applied to the facts here, these decisions became the law of the case and determinative of the rights of the parties, and particularly so where, in my opinion, they were correct determinations. Neither party at

the trial or here has considered the contract as ambiguous; and each has asked only a construction of the language as written. We should not inject into the case an issue that the parties have themselves eliminated from consideration. (*Brewster* v. *Tax League of America, Inc.*, 203 App. Div. 481, 484; affd., 235 N. Y. 619.) Therefore, there should be no new trial, but judgment should be rendered for the plaintiff in the amount admitted to be unpaid. Lazansky, P. J., while of opinion that defendant's obligation to pay plaintiff was subject to a condition that defendant receive payment from the contractor (*Mascioni* v. *Miller, Inc., supra*), concurs with Davis, J., for reversal and for judgment for plaintiff on the ground that the issue of conditional payment has been decided as a matter of law by the Special Term; neither party having considered the contract as ambiguous at the time of the trial.