NASSAU SUFFOLK LUMBER & SUPPLY CORP., Plaintiff, *v.* PERCY W. BRUCE, DOROTHY BRUCE, HENRY M. SMITH, Also Known as HARRY M. SMITH, DONALD D. WYSONG, INC., ALFONSO NARDIELLO & SON, INC., and MAX PAUL, Defendants.

County Court, Nassau County, September 30, 1941.

*Eugene J. Blumberg,* for the plaintiff.

*Harry W. Moore*, for the defendants Percy W. Bruce and Dorothy Bruce.

*William Daley*, for the defendant Henry M. Smith.

*Charles N. Wysong*, for the remaining defendants.

HURLEY (Acting County Judge), J.   This is an action to foreclose a mechanic's lien filed against the property owned by the defendants Percy W. Bruce and Dorothy Bruce, his wife.   The defendant Percy W. Bruce is a teacher in the Roslyn, N. Y., High School. In March or April, 1939, a representative of the plaintiff lumber company consulted with Mr. and Mrs. Bruce concerning the building of a home.   The plaintiff lumber company maintains a department known as the housing guild department, through which it attempts to procure loans for prospective builders by making applications for the loans and rendering numerous other services with the view of bringing the borrower and the lending institution together and getting a loan completed.   As a result of this conversation a Mr. Gillespie, employed by the plaintiff, endeavored to place a loan with the Bowery Savings Bank in order that Mr. and Mrs. Bruce might build their home.   On April 26, 1939, the application for the loan was made, the defendant Henry M. Smith was chosen as the contractor and a contract was made between Mr. Smith and Mr. Bruce for the construction of the building. The contract, prepared by Mr. Gillespie, provided, among other things, that Mr. Bruce was to pay Mr. Smith for the construction of the home the sum of $5,000, " *payments to be made in accordance with cash advances by the building loan.*"

On or about June 1, 1939, a commitment to insure the loan was made by the Federal Housing Administration.   This was not a granting of the loan but solely a commitment by the Federal Housing Administration to the bank that the loan would be insured providing title was satisfactory and the loan was granted.   Representatives of the plaintiff, the defendant Smith and Percy W. Bruce were all advised of the issuance of the commitment.

The defendant Bruce then bought the building lots and forwarded necessary papers for examination of the title to the lending institution.

Nothing further was done under the building contract until the latter part of July or the first part of August, 1939, at which time a representative of the plaintiff asked the defendant Smith about the construction of the home.   Mr. Smith replied that he knew about the commitment but did not want to proceed with the construction until he was sure that it was *all right* to go ahead. Upon receiving information from the representative of the plaintiff

that it was all right to go ahead, Mr. Smith proceeded with the construction work. During the progress of the work he purchased materials from the plaintiff and from the defendants Donald D. Wysong, Inc., and Max Paul. After continuing for some time with the work it became apparent that the loan would not be granted to the Bruces because the proposed building did not conform with certain restrictive covenants which affected the property upon which the building was being constructed.. Meanwhile Mr. Smith had done work and furnished materials in a sum in excess of $3,000. This sum included the amount of materials furnished by the plaintiff and the defendant materialmen and of work done and materials furnished by Mr. Smith. When Mr. Smith found that he was not being paid for the work and that the loan had not gone through he stopped work.

The plaintiff, the defendant Smith and all the defendant materialmen then filed liens for the material furnished and work done by each of them respectively. This action is brought by the plaintiff lumber company to foreclose its lien for material furnished. In this action the plaintiff asks for a personal judgment against the defendant Smith in the event plaintiff's claim cannot be satisfied by the sale of the property. All of the defendants who have filed liens have appeared and a determination of their claims is asked.

The defendant Smith, in his answer, has alleged a counterclaim asking that if his lien should be declared unenforcible he have judgment against the plaintiff because of the representation of the plaintiff's agents that the loan had been granted and it was all right to proceed with the building, when, as a matter of fact, the loan had not been granted.

The defendants Percy W. Bruce and Dorothy Bruce contend that there is nothing due the contractor Smith under the contract by virtue of the provision contained therein that payments would be made to Smith " in accordance with cash advances made by the building loan." They contend that the making of the loan was a condition precedent to the liability of Percy W. Bruce under his contract with the builder and that, since the loan was never granted, there is no liability. They contend further that in order for any of the lienors to succeed it is incumbent upon them to show that there was money due from Mr. Bruce to the contractor upon which their lien could attach and that, since there is nothing due under the contract, the claims of the lienors must fall.

With this contention I agree. The contract between Mr. Bruce and Mr. Smith definitely provided that payments thereunder were to be made to Mr. Smith " in accordance with cash advances by the building loan." I am satisfied from the evidence that the

granting of the loan was intended to be a condition precedent to the obligation of Mr. Bruce to make the payments under the contract. I am further satisfied that the defendant Percy W. Bruce has done nothing to prevent the granting of the loan, but, on the contrary, has done everything possible to see that the loan would be made. Under these circumstances, since there was at the time of the filing of the liens, and still is, nothing due to Mr. Smith from Mr. Bruce under the building contract, the claims of the plaintiff and the defendant lienors under the liens filed against the property must fail. (*Mascioni* v. *Miller, Inc.*, 261 N. Y. 1; *Firth* v. *Rehfeldt*, 30 App. Div. 326, 332; affd., 164 N. Y. 588; Lien Law, § 4; *Brainard* v. *County of Kings*, 155 N. Y. 538.)

Since I am satisfied from the evidence that the defendant Smith was to pay the plaintiff herein for materials furnished out of moneys paid Smith by the defendant Bruce from the proceeds of the loan, the claim of the plaintiff against the defendant Smith for a personal judgment must likewise fail. Since the loan was never made, and the money was never paid defendant Smith by defendant Bruce, there is no personal liability on the part of the defendant Smith to the plaintiff. (*Mascioni* v. *Miller, Inc., supra.*)

The only question remaining is whether the defendant Smith can recover from the plaintiff on his counterclaim in this action. Without passing upon the merits of the counterclaim, I am of the opinion that recovery cannot be had in this action since said counterclaim does not affect the rights of any of the parties as lienors, nor is a decision on the counterclaim necessary to a determination of the validity of any of the liens. In fact, it seems that a determination that the defendant Smith has no lien must of necessity be made before defendant Smith could prove damages as alleged in his counterclaim. I do not believe that the Lien Law intended that the plaintiff in this action should be deprived of his right to a jury trial of the issues raised by the counterclaim. (Lien Law, § 45; *Alyea* v. *Citizens' Savings Bank*, 12 App. Div. 574; affd., 162 N. Y. 597; *Maneely* v. *City of New York*, 119 App. Div. 376.)

I, therefore, conclude that the claims of all lienors should be dismissed, that the claim of the plaintiff for a personal judgment against the defendant Smith should be dismissed, and that the counterclaim of the defendant Smith against the plaintiff herein should be dismissed, without prejudice.

Let judgment be entered accordingly.