328 So.2d 522 (1976)
EDWARD J. GERRITS, INC., a Florida Corporation, and the National Fire Insurance Company of Hartford, a Foreign Corporation, Appellants,
v.
ASTOR ELECTRIC SERVICE, INC., a Florida Corporation, Appellee.
Nos. 75-525 and 75-644.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 1, 1976.
*523 Richard M. Gale, Miami, Cypen & Nevins, Miami Beach, for appellants.
Therrel, Baisden, Peterson, Stanton & Stillman and Fred R. Baisden, Jr., Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
These appeals are by the defendants from a summary final judgment and an amended summary final judgment respectively. The difference in the two judgments is that the second fixed attorney's fees for the plaintiff. The defendants are Edward J. Gerrits, Inc., the general contractor for the construction of the Cedars of Lebanon Hospital in Miami, and The National Fire Insurance Company of Hartford, the general contractor's surety. The appealed judgment held that the general contractor must pay the plaintiff subcontractor, Astor Electric Service, Inc., the balance of its unpaid subcontract even though the owner is insolvent and the general contractor may be forced to accept an agreement by the receiver for payment of 62% of the amount due on the contract.
The question presented on this appeal arises out of the following provision in the contract between the contractor and the subcontractor:
"SECTION IV  Payments: The General Contractor agrees to pay to the Subcontractor for the performance of his work the sum of ONE MILLION, TWELVE THOUSAND, FOUR HUNDRED FORTY Dollars and no/100 ($1,012,440.00) which amount includes all work in Section II of this contract, all permits that must be taken out for the performance of his work, all taxes, licenses, fees, etc. The money to be paid in current funds and at such times as the General Contractor receives it from the Owner." (Emphasis added)
* * * * * *
The contractor relies upon the rule that where a promise to pay is conditioned upon the realization of a particular fund, then the promise may not be enforced unless the fund is realized.[1]Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222; see Mascioni v. I.B. Miller, Inc., 261 N.Y. 1, 184 N.E. 473 (1933).
*524 The subcontractor urges that the provision for payment to it "at such times as the General Contractor receives it from the owner" is a provision as to time of payment and is not a condition of payment. The subcontractor further points out that in such circumstances, some courts have held that the debt still exists and must be paid within a reasonable time. See Mock v. Trustees of First Baptist Church of Newport, 252 Ky. 243, 67 S.W.2d 9, 94 A.L.R. 716 (1934); Thos. J. Dyer Co. v. Bishop International Engineering Co., 303 F.2d 655, (6th Cir.1962).[2]
We hold that the better reasoned view is that expressed by the Court of Appeals of New York in Mascioni v. I.B. Miller, Inc., 261 N.Y. 1, 184 N.E. 473 (1933). The court dealt there with a provision in a contract providing for "payments to be made as received from the Owner." The provision in the present contract is a very similar one providing for "The money to be paid in current funds and at such times as the General Contractor receives it from the Owner." In each case, the subject is not a debt already in existence but an obligation to pay upon a contract which created the obligation. The contract may be reasonably interpreted as shifting to the subcontractor the risk of the owner's failure to pay.
We recognize that every contract is to be construed in accordance with the intention of the parties. On the motion for summary judgment, the contractor, by its affidavit, has introduced into this cause the issue of the intention of the parties.[3] The subcontractor has maintained as to the summary judgment that the intention is immaterial, but this does not bar a litigation of the issue if it is found to be material.
In addition, as pointed out, it appears from the record that the prospects are that there will be a payment of 62% of the balance due on the general contract from a settlement by the bankruptcy court.
*525 We, therefore, reverse the summary final judgment for the plaintiff subcontractor and remand the cause for a trial on the issue of the construction of this contract upon the evidence that may be presented, and for such further proceedings as may be proper in the light of the views expressed herein.
We have examined the appellant's assignments of error as to the awarding of attorney's fees and the appellee's cross-assignments of error as to the failure of the trial court to award interest as a part of the amended summary final judgment, and find that no error is presented.
Reversed and remanded.
NOTES
[1] contract or promise to pay may be restricted to a particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.' (Emphasis that of the District Court.)" Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222, 224; accord Ballas v. Lake Weir Light & Water Co., 1930, 100 Fla. 913, 130 So. 421.
[2] time of performance is sometimes made to depend upon the doing of some specified act other than that which the parties to the contract agree to do or it is made to depend upon the happening of some event which the parties to the contract do not covenant to cause to happen. The tendency of the courts is to hold that unless the contract shows clearly that such an action is an express condition, the provision with reference to such act is inserted in order to fix the time of performance, but not to make the doing of such act or the happening of such event a condition precedent. If this is the intention of the parties, the fact that such act is not performed or that such event does not happen, does not discharge the contract, and the act which the parties agree to do upon the performance of such act or upon the happening of such event, is to be performed in at least a reasonable time. This principle has been applied to a promise to pay when the maker has finished a church then building; or to pay when a certain dispute is settled; or `as soon as the crop can be sold or the money raised from any other source.'" 303 F.2d 655, 660 (6th Cir.1962)
[3] Affiant Patrick Gerrits stated the following:

"3. Prior to the execution of the subcontract attached to the complaint as Exhibit A, your affiant and representatives of the plaintiff corporation engaged in negotiations concerning the proposed subcontract. That portion of Section IV of the contract which reads as follows:
`Payments: The General Contractor agrees to pay to the Subcontractor for the performance of his work the sum of ONE MILLION, TWELVE THOUSAND, FOUR HUNDRED FORTY Dollars  and no/100  ($1,012,440.00) which amount includes all work in Section II of this contract, all permits that must be taken out for the performance of his work, all taxes, licenses, fees, etc. The money to be paid in current funds and at such times as the General Contractor receives it from the Owner.'
was discussed with representatives of Astor. It was clearly pointed out to Astor and understood by its representatives that payments under the subcontract would be made by the defendant to the plaintiff when and as received from the owner or construction lender and not otherwise. The plaintiff executed the subcontract having full knowledge and understanding of the provisions of the subcontract."