339 So.2d 294 (1976)
PEACOCK CONSTRUCTION CO., INC., a Corporation, Appellant,
v.
MODERN AIR CONDITIONING, INC., a Florida Corporation, Appellee.
No. 76-433.
District Court of Appeal of Florida, Second District.
November 19, 1976.
Archie M. Odom, of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellant.
Harry A. Blair, Fort Myers, for appellee.
BOARDMAN, Judge.
Appellant/defendant appeals a summary judgment granted in favor of appellee/plaintiff in an action for breach of contract.
Appellant, a general contractor, entered into a contract with appellee, a subcontractor, providing that appellee would do all the heating and air conditioning work in a condominium development. According to the terms of the written contract appellant would make final payment to appellee
within 30 days after the completion of the work included in this sub-contract, written acceptance by the Architect and full payment therefor by the Owner.
It is undisputed that appellee has completed the work under the contract, that appellee requested final payment, that appellant has not made the payment, and that appellant *295 has not been fully paid by the owner of the development.
The question for our determination is whether the above-quoted contract provision is a condition precedent to appellant's liability. We agree with the finding of the trial court expressed in the judgment that it is not and that payment was due and owing to appellee within a reasonable time after it was requested. We adopt the view of the majority of jurisdictions, which we consider the better view, that a provision such as the one we are considering in this case is an absolute promise to pay and that payment is merely postponed for a reasonable time after completion of the subcontractor's work and request for payment.[1]See, e.g., A.J. Wolfe Co. v. Baltimore Contractors, Inc., 355 Mass. 361, 244 N.E.2d 717 (1969).
AFFIRMED.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] We are aware of the fact that the Third District Court of Appeal has taken the minority view holding that this provision is a condition precedent. Edward J. Gerrits, Inc. v. Astor Electric Service, Inc., 328 So.2d 522 (Fla.3d DCA 1976).