343 So.2d 902 (1977)
MATHEWS CORPORATION, a Florida Corporation, Appellant,
v.
TUTTEN ENTERPRISES, INC., a Florida Corporation, Appellee.
No. 76-90.
District Court of Appeal of Florida, Fourth District.
March 4, 1977.
*903 Robert E. Ziegler and Charles G. Brackins, Fort Lauderdale, for appellant.
Robert N. Fryer, Jr., of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellee.
PAUL, MAURICE M., Associate Judge.
Appellant, defendant below, seeks reversal of a summary judgment entered against it upon a claim citing breach of contract. Briefly, appellant was the contractor for building a serum processing plant for Gray Industries, owner, and in that capacity, entered into a sub-contract with Tutten Enterprises, Inc., plaintiff below on April 16, 1971, whereby Tutten was to perform certain electrical work for the sum of $99,900.00, to be paid as follows: "It is further agreed that the said Contractor hereby agrees that he will pay to the subcontractor, for the above described work, the sum of $99,900.00, payable as follows: 90% of labor and materials in place. To be billed on the 25th of each month, and payable on receipt of payment from owner" (emphasis supplied).
In the fall of 1971 the owner encountered difficulties and the project was not completed, including the electrical work of the subcontractor, Tutten. The owner of the project, Gray Industries, was adjudicated bankrupt. Defendant itself has not been paid by the owner for all the work performed, including the electrical work performed by Tutten, but is continuing to actively seek payment from the Trustee in Bankruptcy. To date no payment from the bankrupt estate has been forthcoming.
Subsequent to the work being stopped, and the owner (Gray Industries) being declared bankrupt, plaintiff (Tutten) brought suit against Mathews Corporation to recover for work performed by it under the sub-contract, but for which it had not been paid. During the pendency of the action, the parties entered into an agreement for settlement which provided, among other things, for Defendant (Mathews) to deliver a promissory note to plaintiff (Tutten) for the amount claimed and owing. The note provided that
"... Interest to be paid at the same rate and for the same term as is set by the Federal Bankruptcy Court in the matter of the Gray Industries, Inc., Bankruptcy. Principal and interest is due and payable on date Maker, Mathews Corporation is paid by the Bankruptcy Court and/or Trustee in Bankruptcy in the Matter of the Gray Industries, Inc., Bankruptcy proceeding" (emphasis supplied).
The settlement agreement recited an amount then due and owing of $23,385.60, the defendant (Mathews) making an immediate payment of $5,000.00 and executing the above referenced note for $18,385.60. Additionally, it was agreed that the trial would be continued for up to one year and, in the event the note was not paid within that time, the matter would be reset for trial, at which trial the amount due and owing would not be an issue.
No payment was made and the cause was reset for trial, giving rise to the summary judgment herein complained of, the trial judge finding no issue of material fact. We respectfully disagree with that finding. Having carefully reviewed the pleadings, affidavits, transcript of hearing, and having read the briefs and considered the oral argument, we find that material issues of fact exist which preclude entry of summary judgment.
In Edward J. Gerrits, Inc. v. Astor Electric Service, Inc., 328 So.2d 522 (Fla. 3d DCA 1976), the Third District Court of Appeal considered a provision in a contract between the contractor and subcontractor as follows, at page 523:

*904 "Section IV  Payments: The General Contractor agrees to pay to the Sub-contractor for the performance of his work the sum of ONE MILLION, TWELVE THOUSAND, FOUR HUNDRED FORTY Dollars and no/100 ($1,012,440.00) which amount includes all work in Section II of this contract, all permits that must be taken out for the performance of his work, all taxes, licenses, fees, etc. The money to be paid in current funds and at such times as the General Contractor receives it from the Owner." (Emphasis added.)
"The contractor relies upon the rule that where a promise to pay is conditioned upon the realization of a particular fund, then the promise may not be enforced unless the fund is realized. Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222; see Mascioni v. I.B. Miller, Inc., 261 N.Y. 1, 184 N.E. 473 (1933).
"The sub-contractor urges that the provision for payment to it `at such times as the General Contractor receives it from the owner' is a provision as to time of payment. The Sub-contractor further points out that in such circumstances, some courts have held that the debt still exists and must be paid within a reasonable time. See Mock v. Trustees of First Baptist Church of Newport, 252 Ky. 243, 67 S.W.2d 9, 94 A.L.R. 716 (1934); Thos. J. Dyer Co. v. Bishop International Engineering Co., 303 F.2d 655 (6th Cir.1962).
"We hold that the better reasoned view is that expressed by the Court of Appeals of New York in Mascioni v. I.B. Miller, Inc., 261 N.Y. 1, 184 N.E. 473 (1933). The court dealt there with a provision in a contract providing for `payments to be made as received from the Owner.' The provision in the present contract is a very similar one providing for `The money to be paid in current funds and at such times as the General Contractor receives it from the Owner.' In each case, the subject is not a debt already in existence but an obligation to pay upon a contract which created the obligation. The contract may be reasonably interpreted as shifting to the sub-contractor the risk of the owner's failure to pay.
"We recognize that every contract is to be construed in accordance with the intention of the parties. On the motion for summary judgment, the contractor, by its affidavit, has introduced into this cause the issue of the intention of the parties. The sub-contractor has maintained as to the summary judgment that the intention is immaterial, but this does not bar a litigation of the issue if it is found to be material."
We agree with the above quoted holding and reasoning of the Third District Court of Appeal.
Accordingly, the summary final judgment for the plaintiff sub-contractor is reversed and remanded for trial on the issue of the construction of the contract in question and/or the construction to be given to the note in question and for such further proceedings as may be proper in accordance with the views herein expressed.
The trial court, in its discretion, may permit amendments to the pleadings as may be necessary to a complete determination of the issues.
REVERSED.
CROSS, J., and CARLTON, CHARLES T., Associate Judge, concur.