355 So.2d 785 (1978)
AETNA CASUALTY AND SURETY COMPANY, a Foreign Corporation, Petitioner,
v.
WARREN BROTHERS COMPANY, DIVISION OF ASHLAND OIL, INC., Respondent.
No. 50761.
Supreme Court of Florida.
February 16, 1978.
Julian Clarkson, Fort Myers, for petitioner.
Robert F. Henshaw, Jr., Sarasota, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Second District, a per curiam affirmance without opinion, reported at 341 So.2d 296, which is alleged to be in conflict with Edward J. Gerrits, Inc. v. Astor Electric Service, Inc., 328 So.2d 522 (Fla. 3d DCA 1976). This Court has jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. See Foley v. Weaver Drugs, 177 So.2d 221 (Fla. 1965). In accordance with Florida Appellate Rule 3.10(e), we have dispensed with oral argument.
Peacock Construction Company, Inc., as general contractor, entered into a contract with respondent, Warren Brothers Company, *786 a subcontractor, providing that respondent would perform the paving work in connection with a condominium development contract held by Peacock. The written agreement between Peacock and respondent provided that the former would make final payment to respondent "within 30 days after the completion of the work included in this sub-contract, written acceptance by the Architect and full payment therefor by the Owner." Petitioner, Aetna Casualty and Surety Company, acted as surety with respect to the subcontract and, as provided by Section 713.23, Florida Statutes (1975), issued a payment bond.
Respondent completed the work required by the subcontract, submitted a final invoice to Peacock, and served Peacock with written notice of completion of work and of nonpayment therefor. Based on Peacock's failure to make final payment, respondent filed suit in circuit court against Peacock and petitioner, as surety for Peacock's payment under the subcontract. The parties defended on the ground that Peacock had not received full payment from the owner of the development and that, according to the terms of the subcontract, such payment was a condition precedent to Peacock's duty to pay respondent. On respondent's motion, the circuit judge granted summary judgment in its favor against petitioner/surety. The effect of the judge's action was to implicitly interpret the subcontract not to require payment by the owner as a condition precedent to Peacock's and, concomitantly, to petitioner's obligation of payment.
The District Court of Appeal, Second District, rendered a per curiam affirmance, citing as authority its decision in Peacock Construction Company, Inc. v. Modern Air Conditioning, Inc., 339 So.2d 294 (Fla. 2d DCA 1976). In so doing, the court adopted the majority view that the provision in issue does not establish a condition precedent. Rather, it constitutes an absolute promise to pay, fixing payment by the owner as a reasonable time for when payment to the subcontractor is to be made.
When this Court accepted jurisdiction in the case sub judice conflict with Gerrits, supra, clearly existed. In Gerrits, the trial court summarily ordered judgment for plaintiff/subcontractor against defendant/general contractor on a contractual provision for payment to the subcontractor which read, "The money to be paid in current funds and at such times as the General Contractor receives it from the Owner." On review, the District Court of Appeal, Third District, noted the fundamental rule that contracts should be interpreted in accordance with the intention of the parties. Concluding that the issue of the parties' intention should be resolved by a factual determination by the jury, rather than a legal determination by the judge, the district court reversed the summary judgment and remanded for trial.
Subsequent to our determination to review this case, we issued an opinion with respect to the above-cited decision of the District Court of Appeal, Second District, in Modern Air Conditioning, Inc., supra, consolidated with its decision in Peacock Construction Company, Inc. v. Overly Manufacturing Company, 343 So.2d 850 (Fla. 2d DCA 1976).[1] Review of these cases was predicated upon conflict with Gerrits, supra, as is review of the case at bar. Our opinion in Peacock has also resolved the conflict between Gerrits and the case sub judice, and is dispositive of the latter. Consequently, for the reasons hereinafter expressed, we approve the district court's affirmance of summary judgment in favor of respondent.
Peacock involved essentially the same facts as are present in the case before us. There, the same contract payment provision was in issue as to two other subcontractors who performed work for Peacock in connection with the aforementioned condominium development. In scrutinizing the payment provisions, we noted that:

*787 The contractual provisions in dispute here are susceptible to two interpretations. They may be interpreted as setting a condition precedent or as fixing a reasonable time for payment. The provision disputed in Gerrits is susceptible to the same two interpretations. The questions presented by the conflict between these decisions, then, are whether ambiguous contractual provisions of the kind disputed here may be interpreted only by the factfinder, usually the jury, or if they should be interpreted as a matter of law by the court, and if so what interpretation they should be given.
* * * * * *
... [Peacock] argues that ... the issue of intention is a factual one which should be resolved after the parties have had an opportunity to present evidence on it. Peacock urges, therefore, that the causes be remanded for trial. If there is produced no evidence that the parties intended there be condition precedents, only then, says Peacock, should the judge, by way of a directed verdict for the subcontractors, be allowed to take the issue of intention from the jury.
Peacock Construction Company, Inc. v. Modern Air Conditioning, Inc., Case No. 50,758, and Peacock Construction Company, Inc. v. Overly Manufacturing Company, Case No. 50,793, 353 So.2d 840 at 842, opinion filed December 15, 1977.
Petitioner/surety in the instant case voices the same argument as was advanced by Peacock in the above-cited case.
In Peacock, we concluded that interpretation of the contractual provision in issue was a question of law to be resolved by the Court, rather than a factual question for jury resolution, stating:
If an issue of contract interpretation concerns the intention of parties, that intention may be determined from the written contract, as a matter of law, when the nature of the transaction lends itself to judicial interpretation. A number of courts, with whom we agree, have recognized that contracts between small subcontractors and general contractors on large construction projects are such transactions. Cf. Thos. J. Dyer Co. v. Bishop International Engineering Co., 303 F.2d 655 (6 Cir.1965). The reason is that the relationship between the parties is a common one and usually their intent will not differ from transaction to transaction, although it may be differently expressed.
That intent in most cases is that payment by the owner to the general contractor is not a condition precedent to the general contractor's duty to pay the subcontractors. This is because small subcontractors, who must have payment for their work in order to remain in business, will not ordinarily assume the risk of the owner's failure to pay the general contractor. And this is the reason for the majority view [footnote reference omitted] in this country, which we now join.
Our decision to require judicial interpretation of ambiguous provisions for final payment in subcontracts in favor of subcontractors should not be regarded as anti-general contractor. It is simply a recognition that this is the fairest way to deal with the problem. There is nothing in this opinion, however, to prevent parties to these contracts from shifting the risk of payment failure by the owner to the subcontractor. But in order to make such a shift the contract must unambiguously express that intention. And the burden of clear expression is on the general contractor.
Peacock Construction Company, Inc. v. Modern Air Conditioning, Inc., Case No. 50,758, and Peacock Construction Company, Inc. v. Overly Manufacturing Company, Case No. 50,793, 353 So.2d 840 at 842, opinion filed December 15, 1977.
The notable distinction between Peacock and the case before us is that here, summary judgment was granted as to Peacock's surety rather than against Peacock itself. This difference, however, does not alter our conclusion that our decision in Peacock is controlling. In the case sub judice, Peacock was obligated to render payment to respondent/subcontractor according to the terms *788 of the subcontract. As surety of this obligation, petitioner, Aetna Casualty and Surety Company, stood in the shoes of Peacock for the purpose of guaranteeing payment to respondent according to the subcontract's terms. Cf. Scott v. National City Bank of Tampa, 107 Fla. 810, 139 So. 367 (Fla. 1931); Cincinnati Insurance Company v. Putnam, 335 So.2d 855 (Fla. 4th DCA 1976); National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Robuck, 203 So.2d 204 (Fla. 1st DCA 1967). Because petitioner's obligation under its bond agreement was commensurate with that of Peacock under the subcontract, the circuit judge correctly decided the issue of the parties' intention with respect to the payment provision in question as a matter of law on motion for summary judgment, consistent with this Court's recent decision in Peacock.
Accordingly, the decision of the District Court of Appeal, Second District, is approved and the writ heretofore issued is discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] Peacock Construction Company, Inc. v. Modern Air Conditioning, Inc., Case No. 50,758, and Peacock Construction Company, Inc. v. Overly Manufacturing Company, Case No. 50,793, 353 So.2d 840, opinion filed December 15, 1977. (Hereinafter referred to as Peacock).