335 So.2d 855 (1976)
CINCINNATI INSURANCE COMPANY et al., Appellants,
v.
David Martin PUTNAM and Century Federal Savings and Loan Association of Ormond Beach, Etc., et al., Appellees.
No. 75-1873.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
*856 Hugh M. Palmer of Welbaum, Zook, Jones & Williams, Orlando, for appellants.
Kenneth A. Studstill of Kenneth A. Studstill, P.A., Titusville, for appellees.
PER CURIAM.
Upon due consideration of the briefs, record on appeal and oral argument we are of the opinion that a genuine issue of material fact exists with regard to appellee Putnam's claim of lien for architectural services against the surety, Cincinnati Insurance Company, appellant. The trial court correctly determined that appellee Putnam was not required to give notice of claim of lien to the owner, Royal Oak Properties, Inc., appellee, as provided by section 713.06(2), Florida Statutes, by virtue of an exemption granted for professional services as set forth in section 713.03(3), Florida Statutes. Royal Oak, owner, had previously entered into a contract with Brody Construction, Inc., appellee-contractor, for the construction of condominiums. Cincinnati, appellant-surety, executed a performance and payment bond with Brody as principal and Royal Oak as obligee.
In our opinion in order for Putnam as a supplier of architectural services for the project to be entitled to enforce his claim of lien by direct action against Cincinnati, surety, under section 713.23, Florida Statutes, it was necessary for Putnam to establish that he was in privity with Royal Oak, the obligee under the bond. The liability of the surety is ordinarily measured by the liability of the principal (Brody) and generally the surety is not liable if the principal is not liable. 30 Fla.Jur., Suretyships, sec. 14; F.S. § 713.23. If Putnam's agreement to furnish architectural services was with Royal Oak Properties then Cincinnati as surety for Brody would not be liable to Putnam; however, if it were shown that Putnam's agreement was with Brody then Putnam's action against Cincinnati would be proper and in accordance with section 713.23, Florida Statutes. Herein lies the genuine issue of material fact that must be resolved before the liability of Cincinnati can be determined. Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
MAGER, C.J., ALDERMAN, J., and WILLIAMS, W.C., III, Associate Judge, concur.