522 So.2d 79 (1988)
Robert F. WILSON, INC. and Woodcraft Industries, Inc., Both D/B/a Wilson/Woodcraft, and Reliance Insurance Company, Appellants,
v.
POST-TENSIONED STRUCTURES, INC., Appellee.
No. 87-1031.
District Court of Appeal of Florida, Third District.
March 8, 1988.
M. Daniel Hughes, Ft. Lauderdale, for appellants.
Siegfried, Kipnis, Rivera, Lerner & De La Torre and Samuel B. Reiner and Mark Greenberg, Coral Gables, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the defendant general contractor from an adverse final judgment entered against it after a non-jury trial in a breach of contract action brought below by the plaintiff subcontractor. We reverse based on a holding that the following provisions of the construction subcontract between the parties:
"When all work has been finally accepted by the Architect and WILSON/WOODCRAFT, *80 final payment is contingent upon payment to the Contractor and shall be made within thirty (30) days after said payment from the Owner, provided the Subcontractor has previously furnished complete releases of lien and evidence of paid material bills"
Condition 34 of the subcontract (emphasis added), and
"No Change Orders will be issued for additional work of any kind unless so approved by the Architect and Owner prior to its issuance. In the event a controversy occurs between the Owner and the General Contractor concerning the Contract with the Owner or these Change Order(s), then it is expressly agreed that no compensation for these items shall be due the Subcontractor from the Contractor until payment for them is received by the Contractor, regardless of the fact that payment is delayed due to the Contractor negotiating with the Owner, arbitration, administrative actions, litigation, appeals or other similar activities"

Condition 20 of the subcontract (emphasis added), plainly and unambiguously make payment by the owner to the general contractor a condition precedent to payment by the contractor to the subcontractor herein, rather than merely fix a time for payment to the subcontractor. It is settled that the parties, as here, may so provide in their contract and thus shift the risk of the aforesaid payment failure by the owner from the general contractor to the subcontractor. Peacock Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla. 1977).
Because it is undisputed that the owner has not yet made payment under its contract with the general contractor, and that these two parties are currently engaged in litigation concerning this non-payment, it was error for the trial court to require the general contractor to pay under its contract with the subcontractor herein. The final judgment under review is, accordingly, reversed, and the cause is remanded to the trial court with directions to dismiss the instant action as being prematurely filed.
Reversed and remanded.