531 So.2d 737 (1988)
PACE CONSTRUCTION CORPORATION, a Foreign Corporation, Transamerica Insurance Company, a California Corporation, and Seaboard Surety Company, a New York Corporation, Appellants,
v.
OBS COMPANY, INC., Appellee.
No. 87-2954.
District Court of Appeal of Florida, Second District.
September 9, 1988.
Rehearing Denied October 5, 1988.
J.M. Crowder and John B. Grandoff, III of Allen, Dell, Frank & Trinkle, Tampa; *738 J.D. Humphries, III of Varnes, Stephens, Wingfield, McIntyre & Humphries, Atlanta, for appellants.
David E. Gurley and Donald D. Clark of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellee.
SCHOONOVER, Judge.
The appellants, Pace Construction Corporation, Transamerica Insurance Company, and Seaboard Surety Company, challenge a final summary judgment in favor of the appellee, OBS Company, Inc. We find that the trial court erroneously interpreted a subcontract between Pace and OBS and, accordingly, reverse.
Pace, a general contractor, entered into a contract with Shumann Investments, Inc. (the owner) for the construction of "Outlet World of Pasco County." Transamerica and Seaboard provided the labor and material payment bond on the project. Pace subsequently entered into a subcontract with OBS whereby OBS was to perform the framing, dry wall, insulation, and stucco work on the project.
After satisfactorily completing the work described in the subcontract agreement, OBS was unable to collect final payment from Pace and unable to collect against the payment bond and, therefore, filed a two count complaint against the appellants. Count I sought damages against Pace for breach of contract, and count II sought damages against the payment bond issued by Transamerica and Seaboard. The appellants asserted as an affirmative defense that final payment was not due to OBS because Pace had not received final payment from the owner for OBS's work.
The parties all agreed that no genuine issues of material fact existed and respectively moved for summary judgment. The dispute centered upon the following provision of the subcontract between Pace and OBS:
6.3 In addition to any other requirements of this Subcontract and the Contract Documents, Final Payment shall not become due unless and until the following conditions precedent to Final Payment have been satisfied: ... (c) receipt of Final Payment for Subcontractor's work by Contractor from Owner... .
The trial court determined that the foregoing provision did not clearly shift to OBS the risk of nonpayment by the owner and entered summary judgment in favor of OBS holding the appellants jointly and severally liable to OBS for damages. This timely appeal followed.
The appellants contend that the subcontract agreement expresses a clear intent to shift the risk of nonpayment by the owner from Pace to OBS and that, therefore, OBS is not entitled to recover final payment from Pace or pursue its claim against the payment bond until Pace receives such payment from the owner. We agree.
In most subcontract agreements, payment by the owner to the contractor is not intended to be a condition precedent to the contractor's duty to pay the subcontractor. See Peacock Construction Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla. 1977). In Peacock, our supreme court reasoned that most subcontractors are not willing to assume the risk of owner nonpayment because they cannot afford to remain in business without prompt payment for their completed work. Despite the unwillingness of most subcontractors to assume the risk of owner nonpayment, a subcontract agreement may nevertheless contain valid provisions which shift this risk to the subcontractor. Peacock. In order to properly shift this risk to the subcontractor, the subcontract must unambiguously express such an intention, and the burden of clear expression is on the general contractor. Peacock. See also, Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978). When the intent to shift the risk of nonpayment is not clearly expressed, the payment provision must be interpreted as fixing a reasonable time for the contractor to pay the subcontractor rather than establishing a condition precedent to the contractor's obligation to pay the subcontractor. Peacock; Snead.
In Dyser Plumbing Co. v. Rose Plumbing & Heating, Inc., 515 So.2d 250 (Fla. 2d *739 DCA 1987), this court applied the principles set forth in Peacock and found that the following languageclearly expressed an intent to shift the risk of nonpayment to the subcontractor:
Final payment, inclusive of retention, shall be made within thirty days of completion of the construction project, acceptance of the same by the Owner, and as a condition precedent, receipt of final payment of Dyser Plumbing and Mechanical from the Owner or Prime Contractor, as the case may be.
Thus, in Dyser payment by the owner to the contractor was held to be a condition precedent to the contractor's obligation to tender final payment to the subcontractor. See also, Robert F. Wilson, Inc. v. Post-Tensioned Structures, Inc., 522 So.2d 79 (Fla. 3d DCA 1988) (subcontract provision stating "final payment is contingent upon payment to the contractor" unambiguously established condition precedent).
Sub judice, paragraph 6.3 of the subcontract clearly states that payment from the owner shall be a condition precedent to the contractor's obligation to make final payment to the subcontractor. OBS must, therefore, bear the risk of nonpayment by the owner. Peacock; Dyser; Wilson. Since it is undisputed that the owner has not tendered final payment to Pace for the work completed by OBS, the trial court erred in finding that Pace was obligated to make final payment to OBS under the subcontract agreement.
Because Pace is not liable to OBS unless and until it receives payment from the owner of the project, the trial court also erred in ruling that Transamerica and Seaboard were liable on their payment bond. The payment bond purports to protect the owner against mechanic's liens and, therefore, must be construed as a statutory payment bond in accordance with the provisions of section 713.23, Florida Statutes (1987). Guin & Hunt, Inc. v. Hughes Supply, Inc., 335 So.2d 842 (Fla. 4th DCA 1976). See also, § 713.23(1)(a), Fla. Stat. (1987). A surety's obligation to the subcontractor under a payment bond is no greater than the contractor's obligation to the subcontractor under the subcontract agreement. See Aetna Casualty & Surety Co. v. Warren Brothers Co., 355 So.2d 785 (Fla. 1978); Cincinnati Insurance Co. v. Putnam, 335 So.2d 855 (Fla. 4th DCA 1976).
We, accordingly, reverse and remand for proceedings consistent herewith.
REVERSED AND REMANDED.
DANAHY, A.C.J., and THREADGILL, J., concur.