538 So.2d 963 (1989)
DEC ELECTRIC, INC., Appellant,
v.
RAPHAEL CONSTRUCTION CORP., Appellee.
No. 87-3164.
District Court of Appeal of Florida, Fourth District.
February 22, 1989.
*964 Alexander J. Williams, Jr., of Chappell and Brandt, P.A., Fort Lauderdale, for appellant.
Stuart H. Sobel and Martin A. Feigenbum of Sobel and Sobel, P.A. Miami, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment in a breach of contract case holding that a subcontractor was not entitled to payment from a contractor because the contractor had not been paid by the owner. We affirm.
DEC Electric, Inc., a subcontractor, entered into a contract with Raphael Construction Corporation, a contractor, to perform various jobs on a construction project. The construction project was subsequently shut down by the owner of the development. The contractor acknowledged at trial that the subcontractor was owed a debt in the amount of $25,612.00 plus interest. However, it argued that it should not have to pay the debt because the owner of the project had not paid the contractor on its general contract. Paragraph 6 of the subcontract at issue reads:
Upon final payment a sworn statement with supporting waiver of lien from your material suppliers and/or subcontractors must be furnished with your final waiver of lien. A sworn statement must be furnished to us listing major material suppliers and subcontractors and the amounts of their contracts at the time of first payout. Interim payments require partial waivers with supporting material supplier's waivers in exchange for payment. Your payments are made in accordance with our interim draws as we show you on our sworn statement with your percentage of completion as we estimate it at the time of our billing to the Owner. This may not conform to your billing to us. No funds will be owed to the subcontractor unless the General Contractor is paid by the owner in accordance to the sworn statement. The subcontractor fully understands that in the event of non-payment by the owner to the General Contractor, the subcontractor has legal recourse against the owner through the Mechanics Lien Laws or other legal procedures for their correct monies due.
The contractor relys here as it did in the trial court, on the language of paragraph 6, "No funds will be owed to the subcontractor unless the General Contractor is paid by the owner in accordance to the sworn statement."
In Peacock Const. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla. 1977), the Florida Supreme Court ruled that provisions of construction subcontracts similar to the provisions at issue herein should usually be judicially construed as a matter of law without receiving evidence of the intention of the parties. The court adopted the general rule that such provisions should usually be construed not to condition payments to the subcontractors on the receipt of payments to the contractors by the owners. Id. at 842. In so ruling, the court rejected a line of cases holding that the meaning of ambiguous provisions should be determined as an issue of fact. The court reasoned that most subcontractors are small businesses that are not willing to assume the risk of nonpayment because they cannot afford to remain in business without prompt payment for their work. Id. In Peacock, the court found that the contract language providing for payment, "within 30 days after completion ... and full payment therefor by the owner," was merely a designation of the time of payment and did not constitute a condition precedent to payment. Id.
Since Peacock, cases that have interpreted payment provisions in construction contracts may be divided into two categories: those that construe them as a matter of law as condition precedents and those that do not. In most of the cases which have found that the language of the payment provisions created condition precedents, the *965 term "condition" or "contingency" was explicitly used. See Wilson, Inc. v. Post-Tensioned Structures, 522 So.2d 79 (Fla. 3d DCA 1988) ("final payment is contingent upon payment to the contractor"); Dyser Plumbing Co. v. Ross Plumbing and Heating Inc., 515 So.2d 250 (Fla. 2d DCA 1987) ("... and as a condition precedent receipt of final payment of Dyser Plumbing and Mechanical from the Owner"). In the cases which have found that the language of the payment provisions merely fixed a reasonable time for payment but did not create a condition precedent, a term such as "until" or "unless" was used. See Pace Construction Corp. v. OBS Co., 531 So.2d 737 (Fla. 2d DCA 1988) ("final payment shall not become due unless and until ... the following conditions precedent to final payment have been satisfied ... (c) receipt of final payment for subcontractor's work by contractor from owner ..."); Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978) ("no payment shall be made until the contractor is paid by the owner").
The cases since Peacock are really of little help to us here. It appears that the trial court utilized the plain meaning of the words used in determining that appellant was not entitled to payment since the contractor had not been paid. We can find no fault with this construction. On the other hand, we find that the language relied upon as a condition precedent is somewhat confusing and ambiguous, and ordinarily we would feel that any such ambiguity should be resolved by the trier of fact based upon any evidence that the parties submitted to resolve the ambiguity and determine their intent. However, that approach may have been foreclosed by the Peacock decision which suggests that all such provisions must be construed as a matter of law, regardless of their ambiguity. Nevertheless, we certify the following question to the Florida Supreme Court as one of great public importance in order to resolve what appears to us to be a recurring and troubling issue in the Florida construction industry:
Must all payment provisions in contracts between contractors and subcontractors or suppliers that concern a condition or time of payment provision be construed as a matter of law?
In accordance with the above, we affirm the trial court's decision.
DOWNEY, J., and RIVKIND, LEONARD, Associate Judge, concur.