723 So.2d 302 (1998)
J.J. SHANE, INC., Appellant,
v.
AETNA CASUALTY & SURETY COMPANY and Recchi America, Inc., Appellees.
No. 97-3126.
District Court of Appeal of Florida, Third District.
November 4, 1998.
Rehearing Denied January 29, 1999.
Frank D. Newman, Miami, for appellant.
Cummings, Thomas & Snyder, P.A., and F. Alan Cummings, and Anna D. Torres, and Patricia Snyder, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GREEN, Judge.
On this appeal, the plaintiff/subcontractor appeals from an adverse final judgment and *303 order taxing attorney's fees and costs entered pursuant to a jury verdict in favor of the general contractor. We reverse and remand with instructions that this case be dismissed without prejudice as being prematurely filed.
Appellant, J.J. Shane, Inc. ("Shane") was a subcontractor to the general contractor, appellee Recchi America, Inc. ("Recchi") during the construction of the Omni extension of the "People Mover" in downtown Miami. The construction project is owned by Metropolitan Dade County. Shane instituted this breach of contract action when Recchi failed to make complete payment for Shane's work on this project. The center of this dispute involves the interpretation of the following payment provision of the written subcontract between the parties.
Article XIII Method of Payment
a) Subcontractor is relying upon the financial responsibility of Owner in performing the Work. It is understood by Subcontractor that payment for the work is to be made from funds received from Owner by Contractor in respect to the Work.
Recchi maintains that under this provision, its obligation to pay Shane is clearly conditioned upon its receipt of payment from the county/owner. Since it is undisputed herein that Recchi has not been paid for the project by the county/owner and indeed is itself currently embroiled in litigation for such payment,[1] Recchi maintains that its contractual obligation to pay Shane has not yet arisen. Shane, on the other hand, asserts that this payment provision is ambiguous and, as such, must be construed to require Recchi's payment within a reasonable period of time.
In most subcontract agreements, payment by the owner to the contractor ordinarily is not intended to be a condition precedent to the contractor's duty to pay the subcontractor "because small subcontractors, who must have payment for their work in order to remain in business, will not ordinarily assume the risk of the owner's failure to pay the general contractor." Peacock Constr. Co., Inc. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla.1977). However, the Peacock court recognized that subcontract agreements such as the one before us, may contain valid payment provisions which shift the risk of payment failure by the owner from the general contractor to the subcontractor. Id.; see also DEC Elec., Inc. v. Raphael Constr. Corp., 558 So.2d 427, 429 (Fla.1990); Pace Constr. Corp. v. OBS Co., Inc., 531 So.2d 737, 738 (Fla. 2d DCA 1988). "But in order to make such a shift the contract must unambiguously express that intention." Peacock, 353 So.2d at 842-43.
Here, we find the subject payment provision to plainly and unambiguously make payment by the county/owner a condition precedent to payment by the general contractor to the subcontractor herein, rather than simply fixing a reasonable time for payment as contended by the subcontractor. Thus, where the owner's non-payment to the general contractor is undisputed, this cause for payment by the subcontractor was prematurely filed. See Robert F. Wilson, Inc. v. Post-Tensioned Structures, Inc., 522 So.2d 79, 80 (Fla. 3d DCA 1988). Accordingly, we reverse the final judgment and the order awarding fees and costs with directions that this case be dismissed without prejudice.
NOTES
[1] Recchi America, Inc. v. Metropolitan Dade County, Case No. 95-05848 CA 03 (Fla. 11th Cir.Ct.)