980 So.2d 1286 (2008)
PHOENIX WALLS, INC., Petitioner,
v.
LIBERTY PASADENA, LLC, Respondent.
No. 2D07-1542.
District Court of Appeal of Florida, Second District.
May 16, 2008.
Margaret E. Sojourner of Langston, Hess, Bolton, Shepard & Augustine, P.A., Maitland, for Petitioner.
Nicole E. Durkin and Brian J. Deeb of Deeb & Brainard, P.A. (withdrew after briefing), St. Petersburg; no further appearance for Respondent.
ALTENBERND, Judge.
Phoenix Walls, Inc., seeks certiorari review of a circuit court order that discharged its construction lien against property owned by Liberty Pasadena, LLC (the Owner). The order also dismissed Phoenix Walls' claim seeking to foreclose the lien and dissolved a lis pendens related to the lien. The circuit court departed from the essential requirements of the law by resolving factual disputes affecting the validity of the lien at a non-evidentiary hearing on a motion to strike. This decision deprived Phoenix Walls of its status as a secured creditor in this litigation, which is a material injury that cannot be remedied upon direct appeal. We therefore grant the petition for writ of certiorari *1287 and quash a portion of the order on review.
In June 2005, the Owner decided to build a condominium project known as Pasadena Point Condominiums on its property in Pinellas County, Florida. The Owner entered into a contract with a general contractor to build the project. Phoenix Walls entered into a subcontract with the general contractor to perform certain drywall and stucco work on the project. The general contractor allegedly obtained payment and performance bonds on which International Fidelity Insurance Company was the surety for the protection of the Owner.[1]
The project experienced difficulties, and Phoenix Walls stopped work in September 2006. Phoenix Walls recorded a construction lien against the Owner's property in the amount of approximately $160,000 on September 28, 2006.
On September 29, 2006, the Owner sent a letter directly to Phoenix Walls proposing a payment schedule for Phoenix Walls to complete the drywall and stucco work. The letter appears to be an effort by the Owner to communicate directly with Phoenix Walls to convince Phoenix Walls to return to the project and complete its work. The letter does not mention the general contractor. Managers for the Owner and Phoenix Walls each signed the bottom of this letter on lines provided for their signatures. As a result of this letter, Phoenix Walls allegedly received a payment of at least $20,000 under the terms explained in the letter. It appears this letter agreement also led to Phoenix Walls releasing its September 28, 2006, claim of lien.
The problems were not resolved, however, and on October 27, 2006, Phoenix Walls filed a new claim of lien against the property in the amount of $142,297.64. This claim of lien indicated that Phoenix Walls, as lienor, furnished labor, services, or materials to the property "in accordance with a contract with [the general contractor]." Thereafter, Phoenix Walls apparently filed an amended claim of lien replacing this lien on November 7, 2006. Our record does not contain a copy of this document.
The Owner responded by filing suit against Phoenix Walls. Its complaint sought to discharge the three claims of lien filed by Phoenix Walls on September 28, October 27, and November 7, 2006. It also alleged a claim for slander of title and for filing a fraudulent lien.
Phoenix Walls responded to the complaint on December 6, 2006, and filed a counterclaim. That same day, Phoenix Walls filed another amended claim of lien. This claim of lien sought the same amount of $142,297.64, but the claim now indicated that Phoenix Walls had furnished labor, services, or materials "in accordance with a contract with [the Owner]." In count 1 of the counterclaim, Phoenix Walls sought to foreclose this lien. In count 2, Phoenix Walls sought damages against the Owner for breach of the letter contract. The answer and counterclaim made clear that the claims of lien Phoenix Walls filed prior to December 6, 2006, had been released or superseded and that Phoenix Walls sought only to assert the validity of the December 6 lien and to foreclose that lien.[2]
The Owner answered the counterclaim and filed a motion to strike count 1 seeking *1288 foreclosure of the lien. It also sought to discharge all of Phoenix Walls' liens of record. The Owner relied exclusively on the pleadings and the attachments to the pleadings in seeking this relief. Although a hearing was held on the motion, it is undisputed that the hearing was not an evidentiary hearing.
The circuit court entered an order granting the Owner's motion. The order contains many statements that appear to be factual determinations from both public record documents and non-public record documents that were not introduced into evidence. The order holds that the first three claims of lien filed on September 28, October 27, and November 7, 2006, are of no further force and effect, given Phoenix Walls' acknowledgement that they were released or superseded by the December 6, 2006, claim of lien. As a result, the order dismisses counts 1, 2, and 3 of the Owner's complaint, each of which sought to discharge the three prior claims.[3] Noting that the only claim of lien thus remaining is the December 6, 2006, claim of lien, the order concludes that this claim of lien was "transferred to the Payment Bond referenced in the Notice of Bond recorded at Official Records Book 15554, Pages 622-626 of the Public Records of Pinellas County, Florida, pursuant to the provisions of § 713.245[, Florida Statutes (2006)]." The order thus discharges the December 6, 2006, claim of lien as a lien against the real property of the Owner and dismisses count 1 of Phoenix Walls' counterclaim which sought to foreclose the lien. In light of these rulings, the order also dissolves the lis pendens against the property.
The Owner maintains that Phoenix Walls' claim has been transferred to the conditional payment bond on which International Fidelity Insurance Company is the surety pursuant to section 713.245 because the claim of lien is related to Phoenix Walls' work as a subcontractor performing work under the general contract between the Owner and the general contractor. Phoenix Walls maintains that the letter agreement of September 2006 was a new contract directly with the Owner and that it is thus entitled to file a construction lien for work performed on this new contract. Phoenix Walls also contends that the bond issued by the surety as protection for claims connected to the general contract will not cover the amounts claimed under its separate letter agreement with the owner. We do not have the benefit of knowing whether the surety, International Fidelity, agrees or disagrees with this proposition or with the court's ultimate determination that the December 6, 2006, claim of lien can be transferred to its bond. Nothing suggests that the surety, who is not a party to this litigation, is bound by the trial court's decision.
At this stage in the litigation, Phoenix Walls has alleged a new and separate contract entitling it to make a claim under a construction lien directly against the Owner. The letter agreement attached to its counterclaim seems to support its allegations. The claim of lien specifically references a direct contract and does not make reference to the contract between the Owner and the general contractor. Accordingly, the trial court departed from the essential requirements of the law by looking beyond these documents and discharging *1289 the claim of lien essentially based on a factual determination that the claim was not properly a claim on a direct contract between Phoenix Walls and the Owner, but rather a subcontractor claim subject to the payment bond for the general contract between the Owner and the general contractor. Cf. Cincinnati Ins. Co. v. Putnam, 335 So.2d 855 (Fla. 4th DCA 1976) (holding that summary judgment was foreclosed by disputed issue of fact as to whether architect was in direct privity with owner and thus unable to make a claim against the bond provided by the general contractor).
The trial court's error results in the dismissal of Phoenix Walls' secured claim without any clear indication that the same claim can be successfully pursued against the bond. This results in the type of material injury to Phoenix Walls that cannot be remedied in an appeal of the final judgment and is thus appropriate for certiorari relief. See Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45, 46 (Fla. 2d DCA 1984) (citing State-Wide Constr., Inc. v. Dowda, 424 So.2d 198 (Fla. 5th DCA 1983)); see also Loidl v. I & E Group, Inc., 927 So.2d 1016, 1017-18 (Fla. 2d DCA 2006) (holding that certiorari, rather than appeal, is the proper mechanism to challenge an order discharging a lis pendens).
The petition for writ of certiorari is granted, and the order entered on March 8, 2007, is quashed to the extent it discharges the December 6, 2006, claim of lien, dismisses the count for foreclosure of that lien, and dissolves the lis pendens related to that count.
DAVIS, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] We use the adverb "allegedly" because our record is limited to basic pleadings and motions. We have no affidavits or transcripts of evidentiary hearings, and it does not appear that any affidavits were filed in the trial court or that any evidentiary hearings were held. The Owner initially had counsel in this appeal, but counsel withdrew after filing a response. No counsel has since appeared for the Owner.
[2] The record suggests that Phoenix Walls may have also filed a third-party complaint against the general contractor and International Fidelity Insurance Company, but those entities were not identified as parties in the trial court's order, were not served, and did not participate in this original proceeding.
[3] Phoenix Walls has not challenged that determination in this proceeding.