LAGOA, J.
Farah Real Estate and Investment, LLC (“Farah” or “Mortgagor”) petitions this Court for certiorari review of two orders requiring Farah to make monthly-payments to The Bank of Miami (“Bank” or “Mortgagee”) for the pendency of the Bank’s foreclosure proceedings or, failing which, to vacate the mortgaged commercial properties. For the reasons stated below, we deny Farah’s petitions.[1]
I. FACTUAL HISTORY
In August 2007, the Bank loaned Farah $8,768,000.00. To secure repayment of the loan, Farah executed a mortgage encumbering three commercial properties in Miami-Dade County. The Bank subsequently filed an action seeking to foreclose the mortgage and, pursuant to section 702.10(2), Florida Statutes (2010), the trial court entered an order requiring Farah to make monthly payments in the amount of $61,180.91 to the Bank during the pendency of the litigation. (“September 23 Order”). Farah seeks certiorari review of the September 23 Order in case number 3D10-2603.
Approximately four months later, in December 2007, the Bank loaned Farah another $1,105,000.00. To secure repayment of the loan, Farah executed a second mortgage encumbering different commercial property in Miami-Dade County. The Bank subsequently filed an action seeking to foreclose the mortgage and, pursuant to section 702.10(2), on September 15, 2010, the trial court entered an order requiring Farah to make monthly payments in the amount of $10,479.00 to the Bank during the pendency of the litigation. (“September 15 Order”).[2] Farah seeks certiorari review of the September 15 Order in case number 3D10-2602.[3]
Farah subsequently moved to stay enforcement of the Orders while it sought certiorari review. The trial court denied Farah’s motions. On October 8, 2010, this Court stayed the Orders below pending further order of the Court.
II. ANALYSIS
In an action to foreclose a mortgage encumbering non-residential real estate, “the mortgagee may request that the court enter an order directing the mortgagor defendant to show cause why an order to make payments during the pendency of the foreclosure proceedings or an order to vacate the premises should not be entered.” § 702.10(2). Specifically, section 702.10(2)(d) provides as follows:
[T]he court shall, at the hearing on the order to show cause, consider the affidavits and other showings made by the parties appearing and make a determination of the probable validity of the underlying claim alleged against the mortgagor and the mortgagor’s defenses. If the court determines that the mortgagee is likely to prevail in the foreclosure action, the court shall enter an order requiring the mortgagor to make the payment described in paragraph (e)[4] to the mortgagee and pro *210 vide for a remedy as described in paragraph (f).[5] However, the order shall be stayed pending final adjudication of the claims of the parties if the mortgagor files with the court a written undertaking executed by a surety approved by the court in an amount equal to the unpaid balance of the mortgage on the property, including all principal, interest, unpaid taxes, and insurance premiums paid by the mortgagee.
This statutory provision is the subject of Farah’s petitions for certiorari review.
Farah contends that it will suffer irreparable harm if forced to comply with the Orders because (1) if Farah ultimately prevails on its loan modification defense,[6] it will be unable to recoup funds paid pursuant to the Orders, and (2) if Farah fails to make any one of the payments mandated in the Orders, the Bank is entitled to immediate possession of the mortgaged properties and “[ojnce the property is out of the mortgagor’s possession and subsequently is transferred through [the means] of a clerk’s sale, there is no way for [Farah] to get it back”
With respect to Farah’s first argument, the Orders make clear that all funds paid to the Bank are to be “credited against the amount due in accordance with the terms of the Note and Mortgage^]”
With respect to Farah’s second argument, the Orders speak only to possession of the mortgaged properties during the pendency of the foreclosure proceeding. Farah’s obligation to make payments pursuant to the Orders terminates when “title is passed or the Case is dismissed.” Thus, the terms of the Orders expressly contemplate a final adjudication on the merits of the Bank’s claim; if Farah prevails, the Bank’s actions will be dismissed and Farah will retain ownership of the mortgaged properties. Title to the mortgaged properties will not pass unless the Bank prevails in its foreclosure actions, and Farah is entitled to appeal the entry of a final judgment of foreclosure. The fact that the Bank may come into possession of the mortgaged properties for some time during the pendency of litigation does not work a transfer of title.[7]
Further, the Bank will only come into possession of the mortgaged properties if Farah fails to make a payment within five *211 days of the due date.[8] Farah’s petitions assume (and Farah argued below) that it is unable to timely make the payments mandated in the Orders; thus, loss of possession of the mortgaged properties is imminent. For example, at the September 14, 2010, hearing oh the trial court’s order to show cause, counsel for Farah argued:
[A]s a result of the filing of this instant action the tenants that are remaining there some have threatened to stop making payments and some have stopped making payments altogether[,] therefore(,] my client as a result of the filing doesn’t even have the cash flow to service the mortgage.
Farah, however, may avoid enforcement of the Orders by posting a surety bond. See. § 702.10(2)(d), Fla. Stat. (2010). Assuming, however, Farah is unable to post the requisite surety bond, Farah’s nonpayment under the Orders will result in a transfer of possession — not ownership — pending final adjudication.[9]
In sum, because neither Farah’s payment of funds pursuant to the Orders nor any imminent transfer of possession of the mortgaged properties imposes a material injury leaving no adequate remedy on appeal, we deny Farah’s petitions.[10]
Petitions denied.

. The Petitions have been consolidated.

. The September 23 Order and the September 15 Order are referred to collectively herein as the “Orders.”

. "Certiorari review is appropriate where the underlying order departs from the essential requirements of the law, resulting in a material injury that cannot be corrected on appeal.” Sorena v. Tobin, 47 So.3d 875, 877 (Fla. 3d DCA 2010).

.Section 702.10(2)(e) provides: "In the event the court enters an order requiring the mortgagor to make payments to the mortgagee, payments shall be payable at such intervals and in such amounts provided for in the *210 mortgage instrument before acceleration or maturity...."

. Section 702.10(2)(f) provides: "In the event the court enters an order requiring payments the order shall also provide that the mortgagee shall be entitled to possession of the premises upon the failure of the mortgagor to make the payment required in the order unless at the hearing on the order to show cause the court finds good cause to order some other method of enforcement of its order.”

. In both foreclosure proceedings, Farah filed affirmative defenses, including among others, the following loan modification defense: "Fa-rah Real Estate asserts as an affirmative defense that subsequent to the alleged default under the terms of the - note, the Bank of Miami, through its officers, proposed a modification to cure the default and reinstate the loan. On April 7, 2010, and May 17, 2010, in reliance on the representations that the loan modification was pending, Farah Real Estate made payments of $51,000.00 to the Bank of Miami.”

. See, e.g., Brown v. Reynolds, 872 So.2d 290, 296 (Fla. 2d DCA 2004) (interpreting Florida’s replevin statute, § 78.067(2), Fla. Stat. (1997), and holding that "the trial court’s ruling [on the propriety of granting a prejudgment writ of possession] has no bearing on the rights of the parties when the matter is tried on the merits, nor does it bind the court at the final hearing or preclude a subsequent final adjudication dissolving the writ and ordering the return of the property”) (internal quotations omitted); see also JB Int’l, Inc. v. Mega Flight, Inc., 840 So.2d 1147 (Fla. 5th DCA 2003).

. Thus, we also note that Farah's petitions are premature because it has yet to miss any payment mandated in the Orders and consequently, the Bank is not entitled to possession of the mortgaged properties under the terms of the Orders. The Orders provide: "In the event the [first payment] or any subsequent monthly payment is not made after allowing for a 5 day grace period, [the Bank] shall be entitled to immediate possession of the Property.”

. Farah argues that its "ownership and [] concomitant right to possession of real property” is entitled to the same protection afforded petitioners in the context of "cat out of the bag” discovery and construction liens. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 n. 2 (Fla.1995) (noting that certiorari review of order requiring disclosure of sensitive information is appropriate where there are “no means by which on appeal this court could extract such knowledge, once gained, from the mind of the defendant”); Phx. Walls, Inc. v. Liberty Pasadena, LLC, 980 So.2d 1286 (Fla. 2d DCA 2008) (granting certiorari and quashing order dismissing subcontractor’s claim of lien against property owner where trial court resolved factual disputes regarding the validity of the claim at a non-evidentiary hearing). These cases are inapposite where the Legislature has expressly abrogated a borrower’s right to possession of mortgaged property during the pendency of a foreclosure suit, provided the statutory prerequisites are satisfied. See § 702.10(2)(d), (f), Fla. Stat. (2010).

.We do not address Farah’s alternative argument as we find that the Orders below do not constitute a departure from the essential requirements of law.